New York County.— HON. D. C. CALVIN, Surrogate.— February, 1878.

## Matter of Taylor.

*In the matter of the estate of ARCHIBALD TAYLOR, deceased.*

Since the enactment of Chapter 206, of the Laws of 1877, letters testamentary should not issue to a non-resident alien though appointed guardian by will.

THE deceased was a resident of this city, and left an infant, who is now six years old, and appointed by his will a brother and sister guardians of said infant, who are now non-resident aliens in Ireland.

The testamentary guardians applied for letters testamentary, pursuant to chapter 206, section 4, of the Laws of 1877 (p. 224). It was claimed by them that letters should be issued to them upon their qualifying under that act, on the ground that their authority is derived from the testamentary instrument, subject only to that requirement.

THE SURROGATE. — Prior to the act of 1877 (above cited) it was doubtless true that a testamentary guardian's authority was complete as derived from the will; but inasmuch as testamentary guardians, when called upon to account in respect to their ward's estate, frequently denied that they had ever assumed the trust, and there was great difficulty in reaching such testamentary guardians in the interest of their wards, and there was no provision by which they could be required, in a proper case, to give security, the enactment above mentioned, was suggested. It seems to me that to grant letters to the petitioners, without security, would be to encounter most of the difficulties, to remedy which that act was passed.

The same argument might be used in respect to executors, for executors derive all their interest from the will itself, and the property of the deceased vests in him from the moment of the testator's death (1 *Williams on Executors*, 238), though the probate is necessary as authenticated evidence of such title.

By 3 *Revised Statutes*, 73 (6 ed.), section 3 (2 *R. S.*, 69), a non-resident alien is declared incompetent to serve as an executor, and it seems to me that this

provision of the statute is clearly indicative of the sense of the legislature in kindred matters.

The act of 1877 provides that, within the time specified, a testamentary guardian, on his qualifying, shall receive letters of guardianship, and the same act makes provision for objections being filed against the granting of such letters, and that the same proceedings may be had as are prescribed by law, where objections are filed against the issuing of letters testamentary; and it seems to me that the authority over the person or estate of the minor, which is sought under the letters, should not be conferred until the petitioner has placed himself in such a position as would enable this court to call him to an account in respect to his trust, to compel him to give security or remove him according to our statute. It is evident that it would be practically impossible, in cases where a non-resident alien should be permitted, by virtue of letters of guardianship issued by this court, to take possession of the ward's property, to call him to account in respect to it, or in any way secure it to the ward, because he might instantly remove the property out of the jurisdiction of this court, and set our authority at defiance.

Protection might perhaps be secured to the ward by demanding security, but when the guardian is an alien and non-resident, without the jurisdiction of this court, considerable embarrassment certainly would arise in obtaining such jurisdiction as would enable this court to make a decree, and take such proceedings as would entitle the ward to a suit against the guardian's sureties here.

If this court owes any duty to the infant in question, by reason of the infant's property being within its jurisdiction, as it obviously does, it should see to it that such property is not parted with, except upon reasonable security, and to a party readily amenable to the authority of this court.

Upon the best consideration I am able to give the subject, I am of the opinion that the issuing of letters of guardianship to a non-resident alien is contrary to the spirit of our statute, and would render nugatory the act of 1877, above cited, passed for the protection of the rights of infants in this court. The petition should therefore be denied.

Ordered accordingly.