(Surrogate's Court, New York County. November, 1898.)

GUARDIANS—ELIGIBILITY—NONRESIDENT ALIENS.

Code Civ. Proc. § 2852, making objections to the issuing of letters testamentary to executors applicable to the issuance of letters of testamentary guardianship, precludes an issuance of letters of testamentary guardianship to a nonresident alien.

In the matter of the estate of Magdalena Zeller, deceased, Ferdinand Roscher makes application for letters of testamentary guardianship. Denied.

Philip F. Schmitt, for petitioner.

ARNOLD, S. The decedent, who was a resident of this county, by her will, which has been duly admitted to probate here, appointed, as testamentary guardian of one of her minor children, a person who is a resident of Germany and an alien, and who now files an application in which he accepts such appointment, and prays that letters of testamentary guardianship may issue to him. In Re Taylor, 3 Redf. Sur. 259, it was held by Surrogate Calvin that nonresident aliens, who were appointed by the will of a resident testator guardians of his minor child, were, nevertheless, not entitled to letters of testamentary guardianship. The application in that case was made pursuant to the provisions of Laws 1877, c. 206, then in force. The provisions of that act are now incorporated in sections 2851, 2852, Code Civ. Proc., and Mr. Throop, in his note to the first-named section, published in his Annotated Code (page 694), says that "the effect of the act of 1877, and doubtless of the revision thereof in this article, is that letters of guardianship cannot be issued to a nonresident, although he is appointed guardian by will"; citing In re Taylor, supra. I shall follow these authorities, and therefore deny the application made herein.

Application denied.